UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) No. 2:13-cr-00002-1 |
| | ) Judge Trauger |
| MICHAEL JENKINS | ) |

**MEMORANDUM AND ORDER**

Defendant Michael Jenkins mailed a letter to the court asking for a six-year sentence, which the court construes as a motion for sentence reduction. (Doc. No. 81). In support of his motion, Defendant states that "Vanderbilt Hospital Liver Clinic gave [him] 12 months to live . . . ." (*Id.*) Defendant requests a reduction in his sentence from 77 months to 72 months. (*Id.*)

Defendant pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. On July 17, 2014, the court sentenced him to 77 months imprisonment, which was the bottom of the Sentencing Guideline. (Doc. No. 77). The court found that the sentence reflected the seriousness of the offense, promoted respect for the law, was a just punishment, protected the public from further crimes of the defendant, and provided the defendant with some needed medical, mental health, and drug treatment. (Doc. No. 78-1 at 4).

"'[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.'" *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Defendant has cited no change in the Sentencing Guidelines or law that gives

1

the court authority to modify his sentence. Absent a change in the law, there is nothing the court can do to reduce his sentence. *See United States v. Vasquez*, No. 3:13-CR-00161-11 REEVES/GUYTON, 2018 WL 2172503, at *1 (E.D. Tenn. May 10, 2018) (denying defendant's motion for sentence reduction from 108 months to 87 months, where defendant stated that he had been an exemplary prisoner, he would be deported upon completion of his sentence, and his family needed him back home and defendant failed to cite to a change in the Sentencing Guidelines or the law).

While the court is sympathetic to Defendant's medical condition, "[t]he bureau of prisons is expected to have facilities and services suited for persons suffering from the illness . . . from which [prisoners] suffer[] and will suffer." *United States v. Bundy*, 587 F. Supp. 95, 97 (M.D. Tenn. 1983) (denying request for sentence reduction based on the worsening of defendant's arthritic condition after sentencing, stating "[t]he goal of the Court, imposing sentence upon Mrs. Bundy, was the prevention of crime on the part of those entrusted with funds of others because of their trust-relationships to their respective employers. This overriding goal of general deterrence and the marking of the gravity of the particular offense committed by Mrs. Bundy would be disserved markedly if her sentence were reduced merely because her physical-condition had deteriorated since she commenced its service."). Defendant does not claim that he is not receiving adequate medical treatment for his liver condition.

Accordingly, Defendant's motion for a sentence reduction is hereby **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge