UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-cr-00002-1 |
| | ) | Judge Trauger |
| MICHAEL JENKINS | ) | |

**MEMORANDUM AND ORDER**

The court has received two letters from defendant Michael Jenkins. In the first letter, Jenkins asks the court to assist him in receiving drug treatment while incarcerated and asks when he will enter the federal classification system. (Doc. No. 83). In the second letter, Jenkins notifies the court that he does want to accept a plea agreement. (Doc. No. 84).

**I.      Background**

In March 2014, Jenkins pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. (Doc. No. 63). On July 17, 2014, the court sentenced him to 77 months imprisonment, which was the bottom of the sentencing guideline. (Doc. No. 77). The court found that the sentence reflected the seriousness of the offense, promoted respect for the law, was a just punishment, protected the public from further crimes of the defendant, and provided the defendant with some needed medical, mental health, and drug treatment. (Doc. No. 78-1 at 4).

1

Jenkins sought a sentence reduction in August 2018 based on a medical diagnosis. (Doc. No. 81). By order and memorandum entered on September 6, 2018, the court denied the defendant's motion. (Doc. No. 82).

## II. Defendant's Letters

### A. Letter seeking substance abuse treatment (Doc. No. 83)

In defendant's first letter, he asks the court to assist him in receiving treatment for his narcotics addiction at a program in Cookeville, Tennessee, called New Leaf. (Doc. No. 83 at 1).[1] At the defendant's sentencing hearing, the court recommended that the defendant receive substance abuse treatment as well as mental health treatment while serving his federally-imposed 77-month term of imprisonment. (Doc. No. 78-1, Sealed). Although the court recommended participation in a substance abuse treatment program, the Bureau of Prisons (BOP) determines a defendant's eligibility for drug treatment programs depending on factors including, but not limited to, appropriations and the defendant's release date. 18 U.S.C. § 3621(e). This issue, therefore, is within the discretion of the BOP. Any complaint about the manner of execution of the sentence by the BOP is properly addressed in a petition filed pursuant to 28 U.S.C. § 2241. *See Cohen v. United States,* 593 F.2d 766, 770 (6th Cir.1979).

Furthermore, the court notes that the BOP has an administrative remedy procedure which allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542. 10. *See also* 28 C.F.R. §§ 542.13 to 542.15. In order to exhaust administrative remedies, an inmate must complete the four-step administrative process beginning

---

[1] The New Leaf Recovery Center in Cookeville, Tennessee, provides residential treatment and detoxification for individuals with addiction and co-occurring disorders. *See Volunteer Behavioral Health*, https://www.vbhcs.org/services/alcohol-and-drug-abuse-services/ (last visited Sept. 28, 2018).

with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal BOP. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel. After exhausting his administrative remedies, if an inmate is not satisfied with the BOP's resolution of the claim, the inmate may then file a petition pursuant to 28 U.S.C. § 2241. *See* 28 CFR §§ 542.10-16.

The defendant also asks the court what day he is set to enter the federal classification system. (Doc. No. 83 at 1). The court is unable to provide this information to the defendant. Questions concerning the calculation of a federal prisoner's sentence should be directed first to the BOP. Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons," not the federal courts. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir.

3

2001). Federal law expressly prohibits the double-counting of time served toward state and federal terms of imprisonment. 18 U.S.C. § 3585(b); *see also United States v. Lytle*, 565 Fed. App'. 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence.").

To the extent the defendant is challenging the manner in which the BOP will calculate his federal sentence, such a claim could be brought only via a habeas petition under 28 U.S.C. § 2241. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (noting that a challenge to the manner of execution of a sentence, rather than the sentence's validity, is cognizable under § 2241); *see also Woody v. Marberry*, 178 Fed. App'x 468, 471 (6th Cir. 2006) (holding that a challenge to the BOP's calculation of credit for time served in pre-sentencing detention was properly brought under § 2241). Such a petition must generally be filed in the federal district where the defendant is held, *United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004), and the petitioner must also show that he has exhausted his administrative remedies before seeking relief under § 2241, *Graham v. Snyder*, 68 Fed. App'x 589, 590–91 (6th Cir. 2003).

**B.      Defendant's letter regarding a plea deal (Doc. No. 84)**

In the defendant's second letter, he states: "I learned there is no case so I do not have a Plea Agreement. Since there is not Plea Agreement I do not want to make a deal." (Doc. No. 84 at 2). The defendant is mistaken. In this case, **he already has entered a plea of guilty** to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. (Doc. No. 63). The court already has sentenced him pursuant to the plea agreement. (Doc. No. 76).

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence on grounds that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. As a threshold standard, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). If the defendant wishes to challenge his conviction or sentence, he must file a § 2255 petition. Since he already has been sentenced, he cannot withdraw his guilty plea.

### III. Conclusion

As discussed above, the court is without authority to order the BOP to place the defendant in a substance abuse program. Any questions related to the date on which the defendant will enter the federal classification system or the calculation of the defendant's sentence should be directed to the BOP. The defendant already has accepted a plea agreement in this case. He cannot now withdraw his guilty plea. The Clerk is **DIRECTED** to mail the defendant a blank form for filing a federal habeas action for the defendant's convenience.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge