UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:13-cr-00002-1 |
| | ) | Judge Trauger |
| MICHAEL JENKINS | ) | |

**MEMORANDUM AND ORDER**

The Court has received a letter from Michael R. Jenkins, OCA # 73022, stating that he has received orders from the Court that do not pertain to him. (Doc. No. 86).

**I.  Background**

In March 2014, Michael Jenkins pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 in the instant case. (Doc. No. 63). On July 17, 2014, the court sentenced him to 77 months imprisonment, which was the bottom of the sentencing guideline. (Doc. No. 77).

Nearly four years later, Michael Jenkins, Register # 22054-075, sent a letter to the court requesting a copy of his docket sheet and the original plea agreement in the instant case. (Doc. No. 80). The letter bore the case number of the instant case and the return address of the United States Penitentiary, P.O. Box 1000, Marion, Illinois 62959. (*Id.* at 1, 3).

Just over a month later, the Court received a letter from Michael R. Jenkins, OCA # 73022, seeking a sentence reduction based on a medical diagnosis, which was docketed in the instant case. (Doc. No. 81). The letter bore the return address of the Davidson County Sheriff's

1

Office, P.O. Box 196383, Nashville, Tennessee 37219-6383. (*Id*. at 2). The letter did not include a case number. By order and memorandum entered on September 6, 2018, the court denied Jenkins's request, which the court construed as a motion for sentence reduction by Michael Jenkins, the defendant in this federal criminal action. (Doc. No. 82).

A few days later, the Court received two letters from Michael R. Jenkins, writing from the Davidson County Sheriff's Office.[1] Neither letter included a case number. Both letters were docketed in the instant case. In the first letter, Michael R. Jenkins asked the court to assist him in receiving treatment for his narcotics addiction at a program in Cookeville, Tennessee, called New Leaf. (Doc. No. 83). He stated: "Judge Trauger, I am the same Michael Jenkins that was in your Court seeking treatment." (*Id*. at 1). He also asks the court on what day he is set to enter the federal classification system. (*Id*.) By order and memorandum entered on October 9, 2018, the court notified Michael R. Jenkins at the most recent address provided by him (the Davidson County Sheriff's Office) that the court was without authority to order the Bureau of Prison ("BOP") to place him in a substance abuse program and any questions related to the date on which Jenkins would enter the federal classification system or the calculation of Jenkins's sentence should be directed to the BOP. (Doc. No. 85).

In the second letter from Michael R. Jenkins, he stated: "I learned there is no case so I do not have a Plea Agreement. Since there is not Plea Agreement I do not want to make a deal." (Doc. No. 84 at 2). By order entered on October 9, 2018, the court notified Michael R. Jenkins at the most recent address provided by him (the Davidson County Sheriff's Office) that he was mistaken; in this case, he already had entered a plea of guilty to being a convicted felon in

---

[1] The first letter identified Jenkins's OCA # as 73022. (Doc. No. 83 at 2). The second letter did not identify Jenkins's OCA number. (Doc. No. 84).

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924 and the court already had sentenced him pursuant to the plea agreement. (Doc. No. 85).

Michael R. Jenkins, an inmate of the Davidson County Sheriff's Office, wrote another letter to the court after receiving the court's most recent order. (Doc. No. 86). He states that he has "never been inside the Court" and has "never plead out to any Federal crime or this case." (*Id*. at 1). He further states that "the Court is mistaken about a 77 month plea for [him] because that never happened." (*Id*.)

**II.    Analysis**

As best the court can discern, the court has received mail from two different individuals, both named Michael Jenkins; Docket No. 81 appears to have come from Michael Jenkins, the defendant in the instant case and an inmate of the Federal Penitentiary in Marion, Illinois, whereas Docket Nos. 81, 83, 84, and 86 appear to have come from Michael R. Jenkins, an inmate of the Davidson County Sheriff's Office.[2] The documents mailed by Michael R. Jenkins appear to have been docketed in the instant criminal case inadvertently due to the shared name, a mention by Michael R. Jenkins of having been in the undersigned's courtroom (although he now denies having ever been in this court), and references to the need for drug treatment by both Michael Jenkins and Michael R. Jenkins. Moreover, it is common for prisoners to be transferred frequently between institutions and between federal and state penal facilities. At this time, the court is unable to conclude with certainty exactly who sent what and what needs to be done going forward.

---

[2] In July 2018, Michael Ray Jenkins, inmate # 73022 of the Davidson County Sheriff's Office, filed a complaint under 42 U.S.C. § 1983 in this court. *See Michael Ray Jenkins v. Daron Hall, et al*., No. 3:18-cv-00634 (M.D. Tenn. filed 7/12/2018) (Campbell, J.). The court dismissed that action without prejudice by order entered on September 17, 2018, for want of prosecution and failure to comply with the court's order. (*Id*., Doc. No. 4).

### III. Conclusion

In an attempt to resolve this confusion, the Clerk is **DIRECTED** to mail this order to Michael R. Jenkins, OCA # 73022, who is located in Nashville, Tennessee in the custody of the Davidson County Sheriff's Office. The Clerk is further **DIRECTED** to mail a copy of the docket sheet in this case, this order, and the court's prior orders (Doc. Nos. 82 and 85) to Michael Jenkins, Register # 22054-075, housed in Marion, Illinois (the defendant in this action). If Michael Jenkins, Register # 22054-075, did not submit Docket Nos. 81, 83, 84, and 86, he is **DIRECTED** to write to the court and let the court know.

The court advises Michael R. Jenkins, OCA # 73022, that it has received his most recent letter and is attempting to clarify the record. No adverse action has been taken against Michael R. Jenkins, OCA # 73022, in any federal action of which the undersigned is aware.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge